# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>WYNN A.D. CHARLEBOIS,<br><br>*Defendant.* | DOCKET NO. 3:22-CR-266-RJC<br><br>UNOPPOSED MOTION TO CONTINUE TRIAL DATE |

Wynn A.D. Charlebois, by and through his counsel of record, Assistant Federal Defender John Parke Davis, respectfully requests that this Court continue the trial date presently scheduled for June 5, 2023, and the related pretrial motions deadline. As grounds therefore, it is averred:

1. On April 11, 2023, Mr. Charlebois was arraigned on an eight-count Superseding Bill of Indictment charging him with one count of Wire Fraud, pursuant to 18 U.S.C. § 1343 (Count One); six counts of Money Laundering pursuant to 18 U.S.C. § 1957 (Counts 2 through 7); and one count of Securities Fraud, pursuant to 15 U.S.C. §§ 78j(b) and 78ff. He had previously been appointed counsel and released on conditions of bond.

2. Mr. Charlebois faces a substantial term of imprisonment if convicted of the charges against him.

3. This case involves a high volume of financial transactions, multiple business entities engaged in complex financial arrangements, and extensive communications constituting the alleged fraud. Defense counsel continues to prepare diligently, but based on the nature of the case and the transactions involved, requires additional time to review discovery with Mr. Charlebois, to fully investigate Mr. Charlebois's case and possible defenses, and to effectively

negotiate with the government and prepare the case for trial.

4. In addition to the inherently complex nature of the case and charges, this case involves a number of parallel proceeding, including ancillary civil matters, which have created an unusually high demand on defense counsel, primarily relating to preserving Mr. Charlebois's Fifth Amendment rights in the face of efforts to compel testimonial responses regarding the alleged fraud.

5. Additionally, Mr. Charlebois's second chair counsel, Assistant Federal Defender Taylor Goodnight, entered maternity leave on April 30, 2023. While Ms. Goodnight's maternity leave was anticipated and is not expected to create any significant lingering difficulties, it has required short-term adjustments that have slowed Mr. Charlebois's ability to prepare for trial, particularly by limiting the defense team's flexibility in dealing with the unusual ancillary matters set forth above.

6. This is Mr. Charlebois's third motion to continue since the case became ripe for trial.

7. The time period of this continuance is excludable under 18 U.S.C. § 3161(h)(1), because the Fourth Circuit has specifically found ongoing plea negotiations to be "other proceedings" under the terms of the Speedy Trial Act. *E.g. U.S. v. Keita*, 742 F.3d 184, 188 (4th Cir. 2014); *U.S. v. Leftenant*, 341 F.3d 338, 345 (4th Cir. 2003) (collecting similar authority from other circuits). Thus, this period of delay is excludable as a period of delay resulting from another proceeding concerning the defendant. 18 U.S.C. § 3161(h)(1); *Keita*, 742 F.3d at 188 (affirming that any period of delay due to ongoing plea negotiations is excludable under the Speedy Trial Act). It is also excludable under § 3161(h)(7)(B)(iv), as the need for additional time to allow for effective preparation, taking into account defense counsel's due diligence, outweighs the interests

of the public or the defendant in a speedy trial.

8. For the same reasons listed above, Mr. Charlebois requires additional time to identify, research and file any potential pretrial motions. "At any time before trial, the court may extend or reset the deadline for pretrial motions." Fed. R. Crim. P. 12(c)(2). The "pretrial motions deadline requirement embodied in Rule 12 serves 'an important social policy and not a narrow, finicky procedural requirement[.]'" *United States v. Salahuddin*, 509 F.3d 858, 862 (7th Cir. 2007) (quoting *Jones v. United States*, 362 U.S. 257, 264 (1960), overruled on other grounds, *United States v. Salvucci*, 448 U.S. 83, 95 (1980)). The goals of Rule 12 would not be jeopardized by extending the pretrial motions filing deadline in this case.

9. Mr. Charlebois therefore requests and corresponding extension of the pretrial motions deadline to June 15, 2023.

10. The government does not oppose the granting of this motion.

**WHEREFORE,** Mr. Charlebois respectfully requests a continuance of his trial date from the June 5, 2023 term to the next available term of court, and a corresponding extension of the pretrial motions deadline.

Respectfully submitted:

s/John Parke Davis
John Parke Davis
N.C. Bar No. 34427
Federal Defenders of Western North Carolina, Inc.
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720
(704) 374-0722 Fax
jp_davis@fd.org
*Attorney for Wynn A. D. Charlebois*

DATE: May 18, 2023